ORIGINAL

Edmond Paul Price
NAME

AF9751
PRISON IDENTIFICATION/BOOKING NO.

Centinela State Prison, P.O. Box 911
ADDRESS OR PLACE OF CONFINEMENT

Imperial, Ca 92551

Note:   It is your responsibility to notify the Clerk of Court in writing of any
change of address. If represented by an attorney, provide his name,
address, telephone and facsimile numbers, and e-mail address.

Related
DDJ

FILED
CLERK, U.S. DISTRICT COURT

AUG 1 2 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

FEE
DUE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

EDMOND PAUL PRICE
FULL NAME (Include name under which you were convicted)

Petitioner,

v.

AMY MILLER, Warden
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

CASE NUMBER:

CV 14-06307 JAK (AGR)
To be supplied by the Clerk of the United States District Court

☐ _____ AMENDED

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION _____
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1.   To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.   In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3.   Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.   Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.   You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.   You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7.   When you have completed the form, send the original and two copies to the following address:

Clerk of the United States District Court for the Central District of California
United States Courthouse
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, California 90012

LODGED
CLERK, U.S. DISTRICT COURT

AUG 1 1 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1.  ☒ a conviction and/or sentence.
2.  ☐ prison discipline.
3.  ☐ a parole problem.
4.  ☐ other.

## PETITION

1.  Venue
    a.  Place of detention  Centinela State Prison
    b.  Place of conviction and sentence  San Luis Obispo County Superior Court

2.  Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
    a.  Nature of offenses involved (*include all counts*):  Forgery, Out on Bail Enhancement, Receiving Stolen Property, Prison Prior, Strike Prior

    b.  Penal or other code section or sections:  470(d), 12022.1, 1170.12(b)(e), 667(d)(e) 667.5(b)

    c.  Case number:  F442939
    d.  Date of conviction:  October 22, 2010
    e.  Date of sentence:  December 15, 2010
    f.  Length of sentence on each count:  10 years 4 months

    g.  Plea (*check one*):
        ☒ Not guilty
        ☐ Guilty
        ☐ Nolo contendere
    h.  Kind of trial (*check one*):
        ☒ Jury
        ☐ Judge only

3.  Did you appeal to the California Court of Appeal from the judgment of conviction?    ☒ Yes   ☐ No
    If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
    a.  Case number:  B230268
    b.  Grounds raised (*list each*):
        (1) Trial Court failed to modify Instruction on Mistake of Fact Defense
        (2) Trial Court Erred by denying Defense motion to re open case

(3) _____

(4) _____

(5) _____

(6) _____

c.  Date of decision: May 7, 2012

d.  Result  Modified and Affirmed

4.  If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☒ Yes   ☐ No

If so give the following information (and attach copies of the Petition for Review and the Supreme Court ruling if available):

a.  Case number: S203294

b.  Grounds raised (list each):

(1) Improper Jury Instruction Denied Constitutional Right to Defense

(2) Failure to re-open denied defendant the right to testify

(3) _____

(4) _____

(5) _____

(6) _____

c.  Date of decision: June 18, 2012

d.  Result  Denied

5.  If you did not appeal:

a.  State your reasons  N/A

b.  Did you seek permission to file a late appeal?   ☐ Yes   ☒ No

6.  Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☒ Yes   ☐ No

If so, give the following information for each such petition (use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available):

a.  (1) Name of court: San Luis Obispo County Superior Court of California

(2) Case number: F442939 (HC-2)

(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): December 31, 2012

(4) Grounds raised *(list each)*:

    (a)   IAC, Counsel made improper reference that Petitioner was a drug dealer

    (b)   IAC, Failure to investigate

    (c)   IAC, Failure to investigate and call witnesses

    (d)   IAC, Failure to submit proper Jury Instruction

    (e)   IAC, Called witness prejudicial to defense

    (f)   IAC, Denied Petitioner the right to testify by closing the Defense's case

(5) Date of decision: January 3, 2013

(6) Result Denied

(7) Was an evidentiary hearing held?    ☐ Yes   ☒ No

b.   (1) Name of court: California Court of Appeal 2d Appellate District, Div 6

    (2) Case number: B249370

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a)   Same Grounds as above

        (b)   _____

        (c)   _____

        (d)   _____

        (e)   _____

        (f)   _____

    (5) Date of decision: August 19, 2013

    (6) Result Denied

    (7) Was an evidentiary hearing held?    ☐ Yes   ☒ No

c.   (1) Name of court: Supreme Court of California

    (2) Case number: S214949

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a)   Same Grounds as above

        (b)   _____

        (c)   _____

        (d)   _____

        (e)   _____

        (f)   _____

(5) Date of decision: _February 11, 2014_

(6) Result _Denied_

(7) Was an evidentiary hearing held?   ☐ Yes ☒ No

7. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

**CAUTION:** *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

a. Ground one: _Ineffective Assistance of Counsel (IAC) Counsel made improper and inflammatory reference that Petitioner was a drug dealer_

(1) Supporting FACTS: _During Jury selection, defense counsel told the entire jury pool that Defense witness Michael Fleming would testify that he provided Petitioner with fraudulent checks in exchange for drugs. After Prosecutor threatened more charges, Defense Counsel instructed the witness to say the checks were provided to Petitioner to repay a loan destroying the witnesses credibility_

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☒ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☒ Yes   ☐ No

b. Ground two: _IAC. Defense Counsel failed to investigate and therefore called an inflammatory witness. Trial Strategy denied Petitioner the Right to Fair trial_

(1) Supporting FACTS: _Prior to trial, officer Sonny Lopes was on the witness list to testify for the prosecution but due to questionable actions of the officer in an unrelated case, the DA decided not to call him. Defense Counsel elected to call the officer as a defense witness to show another person committed the same act as Petitioner, the officer was aware and didn't charge him. The officer's testimony was to the contrary_

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☒ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☒ Yes   ☐ No

c. Ground three: _IAC in Conjecture with Trial Court Error for denying Petitioner the right to testify_

(1) Supporting FACTS: During cross-examination of Defense witness Michael Fleming, Petitioner informed Counsel that it was his desire to take the stand. Counsel re-directed Fleming and closed the case without calling Petitioner. After Closing arguments and before the Jury was instructed, Defense moved to re-open to allow Petitioner the right to testify. The motion to re-open was denied

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☒ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☒ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☒ Yes ☐ No

d. Ground four: IAC, Failure to investigate

(1) Supporting FACTS: Prior to trial, Petitioner informed Counsel that he should interview the Rabobank manager and Roger Feltmose as they could provide evidence of Petitioner's lack of Knowledge that the checks were fraudulent. Counsel had a duty to speak with the bank especially in light of the fact that the bank manager informed officer Dan Langstaff that "the account is ginuine and there has been no problems as of yet"

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☒ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☒ Yes ☐ No

e. Ground five: IAC in Conjecture with Trial Court Error Denied Petitioner his right to a defense

(1) Supporting FACTS: Petitioner's entire defense was based on Mistake of Fact. The Jury instruction given (CalCrim 3406) was unmodified and given for general intent crimes while Petitioner was charged with specific intent crimes thus lowering the prosecutions burden and allowing the prosecution to argue an improper legal standard in closing arguments

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☒ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☒ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☒ Yes ☐ No

8. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: N/A

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes  ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: _____

   (2) Case number: _____

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

   (4) Grounds raised *(list each)*:

     (a) _____

     (b) _____

     (c) _____

     (d) _____

     (e) _____

     (f) _____

   (5) Date of decision: _____

   (6) Result _____

   (7) Was an evidentiary hearing held?   ☐ Yes ☒ No

b. (1) Name of court: _____

   (2) Case number: _____

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

   (4) Grounds raised *(list each)*:

     (a) _____

     (b) _____

     (c) _____

     (d) _____

     (e) _____

     (f) _____

   (5) Date of decision: _____

   (6) Result _____

   (7) Was an evidentiary hearing held?   ☐ Yes ☒ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?   ☐ Yes  ☒ No

If so, give the following information *(and attach a copy of the petition if available)*:

   (1) Name of court: _____ N/A _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing):* _____

(4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

11. Are you presently represented by counsel?    ☐ Yes  ☒ No

    If so, provide name, address and telephone number: _____ N/A _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

        N/A
        _____
        *Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on 7-24-14
        _____
        *Date*

                        _____
                        *Signature of Petitioner*

_____

_____
*Petitioner*

_____

_____
*Respondent(s)*

**DECLARATION IN SUPPORT**
**OF REQUEST**
**TO PROCEED**
**IN FORMA PAUPERIS**

I, _____, declare that I am the petitioner in the above entitled case;
that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that
because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am
entitled to relief.

1.  Are you presently employed?  ☐ Yes   ☐ No

    a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your
        employer. _____

        _____

    b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which
        you received. _____

2.  Have you received, within the past twelve months, any money from any of the following sources?

    a.  Business, profession or form of self-employment?   ☐ Yes   ☐ No
    b.  Rent payments, interest or dividends?               ☐ Yes   ☐ No
    c.  Pensions, annuities or life insurance payments?     ☐ Yes   ☐ No
    d.  Gifts or inheritances?                              ☐ Yes   ☐ No
    e.  Any other sources?                                  ☐ Yes   ☐ No

    If the answer to any of the above is yes, describe each source of money and state the amount received from each
    during the past twelve months: _____

    _____

    _____

3.  Do you own any cash, or do you have money in a checking or savings account? *(Include any funds in prison accounts)*

    ☐ Yes   ☐ No

If the answer is yes, state the total value of the items owned: _____

_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)* ☐ Yes   ☐ No

If the answer is yes, describe the property and state its approximate value: _____

_____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____

_____

_____

I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____                    _____
                     *Date*                                                              *Signature of Petitioner*

### CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $_____ on account to his credit

at the _____ institution  where he is

confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said

institution: _____

_____

_____

_____                    _____
            *Date*                                                              *Authorized Officer of Institution/Title of Officer*

Exhibit "A"

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT

DIVISION 6

June 4, 2012

Barbara O'Neill Ferris
4165 East Thousand Oaks Blvd
Suite 350
Westlake Village, CA 91362

THE PEOPLE,
Plaintiff and Respondent,
v.
EDMOND PAUL PRICE,
Defendant and Appellant.

B230268
San Luis Obispo County No. F442939

THE COURT:

　　　Petition for rehearing is denied.

cc:　　All Counsel
　　　File

Exhibit "B"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

JAN 03 2013

SAN LUIS OBISPO SUPERIOR COURT
BY: _____
Andrea Solis, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN LUIS OBISPO

In re: EDMOND PAUL PRICE,

Petitioner,

Petition for Writ of Habeas Corpus

Case No.: F 442939 (HC-2)

ORDER DENYING PETTIION FOR
WRIT OF HABEAS CORPUS

THE PETITION FOR WRIT OF HABEAS CORPUS filed by the Petitioner
on December 31, 2012, is denied on the following grounds:

On October 22, 2010, the Petitioner was convicted in the San Luis Obispo
County Superior Court on several counts of forgery.  He alleges various grounds of
ineffective assistance of counsel and on the ground that the trial court abused its
discretion.  In short, the Petitioner's contentions are as follows:

      1.    Counsel improperly referenced possible evidence of the
          Petitioner being a drug dealer during voir dire and opening statement
          thereby prejudicing the Petitioner before the jury pool and the jury;

      2.    Calling a police investigator was poor defense strategy because
          it provided no value;

3.     Counsel submitted an incorrect jury instruction on mistake of

fact;

4.     Counsel failed to allow the Petitioner to take the stand and

testify prior to resting the defense case;

5.     Counsel failed to locate and investigate known witnesses which

would have been favorable to the defense; and

6.     The trial court failed to grant a continuance for the Petitioner to

research and properly reply to the prosecutions response brief on the

Petitioner's motion to strike a prior strike.

The Petitioner has several hurdles to overcome.

As stated in *People v. Duvall* (1995) 9 Cal.4th 464, 474:

(1) Our state Constitution guarantees that a person improperly
deprived of his or her liberty has the right to petition for a writ of
habeas corpus. (Citations). (1) Because a petition for writ of habeas
corpus seeks to collaterally attack a presumptively final criminal
judgment, the petitioner bears a heavy burden initially to plead
sufficient grounds for relief, and then later to prove them.  'For
purposes of collateral attack, all presumptions favor
the truth, accuracy, and fairness of the conviction and sentence;
*defendant* thus must undertake the burden of overturning them.
Society's interest in the finality of criminal proceedings so demands,
and due process is not offended.' (Citation).
(2) To satisfy the initial burden of pleading adequate grounds for
relief, an application for habeas corpus must be made by petition, and
'[i]f the imprisonment is alleged illegal, the petition must also state in
what the alleged illegality consists.' (Citation).  The petition should
both (i) state fully and with particularity the facts on which relief is
sought (citations), as well as (ii) include copies of reasonably available
documentary evidence supporting the claim, *including pertinent
portions of trial transcripts* and affidavits or declarations. (Citations).
(Emphasis added).  'Conclusory allegations made without any
explanation of the basis for the allegations do not warrant relief, let
alone an evidentiary hearing. (Citation).  We presume regularity of
proceedings that resulted in final judgment (Citation), and, as stated
above, the burden is on the petitioner to establish grounds for relief.
(Citations)."  (Also see *In re Reno* (2012) 55 Cal.4th 428, 449-452).

Concerning ineffective assistance of counsel, the United States Supreme Court in *Strickland v. Washington* (1984) 466 U.S. 668, 686-688, considered a convicted murder's claim that his counsel had ineffectively represented him at his sentencing hearing. The high court explained that the bench mark for judging any claim of effectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. The court went onto explain:

> "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a break down in the adversarial process that renders the result unreliable." (*Strickland vs. Washington, supra* 466 U.S. at 687.)

Further, the proper measure of attorney performance remains reasonableness under prevailing professional norms, and no particular set of detailed rules for counsel's conduct can satisfactorily take account the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. (*Strickland v. Washington, supra* at 688-689.) The court also noted that establishing any set of rules would interfere with the constitutionally protected independence of counsel, and restrict the wide latitude counsel must have in making tactical decisions (*Strickland v. Washington, supra* at 689.) The court further stated:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining

1   counsel's defense after it has proved unsuccessful, to
2   conclude that a particular act or omission of counsel was
3   unreasonable. [citations]  A fair assessment of attorney
    performance requires that every effort be made to eliminate
4   the distorting effects of hindsight to reconstruct the
    circumstances of counsel's challenged conduct, and to
5   evaluate the conduct from counsel's perspective at the time.
    Because of the difficulties inherent in making the
6   evaluation, a court must indulge a strong presumption that
7   counsel's conduct falls within the wide range of reasonable
    professional assistance; that is, the defendant must
8   overcome the presumption that, under the circumstances,
    the challenged action "might be considered a sound trial
9   strategy." [citation.]  There are countless ways to provide
10  effective assistance in any given case.  Even the best
    criminal defense attorneys would not defend a particular
11  client in the same way. (*Strickland v. Washington, supra* at
12  689).

13

14      Notwithstanding that counsel erred in the defense, and that error could be

15  clearly characterized as professionally unreasonable, the inquiry must not stop there.

16  For a defendant to establish a violation of the Sixth Amendment guarantee of counsel,

17  the defendant must go on to prove that his or her counsel's deficient performance was

18  actually prejudicial to the defense (*Strickland v. Washington, supra* at 691).

19      The court explained the difficult burden a defendant faces in satisfying the

20  second prong of the *Strickland v. Washington* test: "[I]t is not enough for the defendant

21  to show that the errors had some conceivable effect on the outcome of the proceeding.

22  Virtually every act or omission of counsel would meet that test, [citations] and not

23  every error that conceivably could have influenced the outcome undermines the

24  reliability of the result of the proceeding.  Respondent suggests requiring a showing that

25  errors 'impaired the presentation of the defense.' [citation] That standard, however,

26  provides no workable principle since any error, if it is indeed an error, 'impairs'

27  presentation of the defense.  The proposed standard is inadequate because it provides no

28  way of deciding what impairments are sufficiently serious to warrant setting aside the

82

124

1   outcome of the proceeding." (*Strickland v. Washington, supra* at 693).

2          Instead, the court decided in order to satisfy the second prong, a defendant must

3   show that there is a reasonable probability that, but for counsel's unprofessional errors,

4   the result of the proceeding would have been different.  A reasonable probability is a

5   probability sufficient to undermine confidence in the outcome.  (*Strickland v.*

6   *Washington, supra* at 694)  California case law recognizes that the performance inquiry

7   necessary to satisfy the first prong of the *Strickland v. Washington* standard must

8   necessarily begin with a presumption that counsel's conduct falls within that broad

9   range of reasonable professional assistance.  (*People v. Lewis, supra* 50 Cal.3rd 262 at

10  288)  Where the record does not shed any light on why defense counsel acted or failed

11  to act in a certain manner, the conviction must be affirmed unless counsel was asked for

12  an explanation, and failed to provide one or simply there could be no satisfactory

13  explanation. (*People v. Mendoza Tello*, 15 Cal.4th 266,  *People v. Lewis, supra*; *People*

14  *v. Milner* (1988) 45 Cal.3rd 227, 238;  *People v. Pope* (1979) 23 Cal.3rd 412, 425-426).

15  A decision whether to object is inherently tactical and the failure to object will rarely

16  establish ineffective assistance. (*People v. Hillhouse* (2002) 27 Cal.4th 469,

17  502).  Counsel does not render ineffective assistance by failing to make motions or

18  object where counsel reasonably determines it would be futile. (*People v. Price* (1991)

19  1 Cal.4th 324, 386).

20         Moreover, in *In re Reno* (2012) 55 Cal.4th 428, 490, the Supreme Court

21  provides:

22              " '[T]he writ [of habeas corpus] will not lie where the claimed errors
                could have been, but were not, raised upon a timely appeal from a
23              judgment of conviction.' By insisting on presentation of claims on
                appeal if reasonably possible, the *Dixon* rule [referring to *In re Dixon* 41
24              Cal.2d 756] speeds resolution of claims, avoids delay, and encourages
                the finality of judgments...In short, a litigant is not entitled to raise an
25              issue on habeas corpus after having failed to raise the same issue on
                direct appeal."
26

27

28

1      Finally, in addressing the two year time delay between the Petitioner's

2  sentencing and the date the Petition was filed, the court refers again to *In re Reno, Id.* at

3  pp. 460-461:

4          "Our rules establish a three-level analysis for assessing whether

5      claims in a petition for a writ of habeas corpus have been timely filed.

       First, a claim must be presented without *substantial delay*. Second, if a

6      petitioner raises a claim after a substantial delay, we will nevertheless

       consider it on its merits if the petitioner can demonstrate *good cause* for

7      the delay.  Third, we will consider the merits of a claim presented after a

8      substantial delay without good cause if it falls under one of *four narrow

       exceptions:* "(i) that error of constitutional magnitude led to a trial that

9      was so fundamentally unfair that absent the error no reasonable judge or

10     jury would have convicted the petitioner; (ii) that the petitioner is

       actually innocent of the crime or crimes of which he or she was

11     convicted; (iii) that the death penalty was imposed by a sentencing

12     authority that had such a grossly misleading profile of the petitioner

       before it that, absent the trial error or omission, no reasonable judge or

13     jury would have imposed a sentence of death; or (iv) that the petitioner

       was convicted or sentenced under an invalid statute." (Citation) The

14     petitioner bears the burden to plead and then prove all of the relevant

15     allegations. *(Ibid.)*  The United States Supreme Court recently, and

       accurately, described the law applicable to habeas corpus petitions in

16     California: "While most States set determinate time limits for collateral

17     relief applications, in California, neither statute nor rule of court does so.

       Instead, California courts 'appl[y] a general "reasonableness" standard'

18     to judge whether a habeas petition is timely filed.  (Citation).  The basic

19     instruction provided by the California Supreme Court is simply that 'a

       [habeas] petition should be filed as promptly as the circumstances

20     allow....' " (Citation).  "A prisoner must seek habeas relief without

21     'substantial delay,' [citations], as 'measured from the time the petitioner

       or counsel knew, or reasonably should have known, of the information

22     offered in support of the claim and the legal basis for the claim,'

23     [citation]." (Citations). ["Substantial delay is measured from the time the

       petitioner or his or her counsel knew, or reasonably should have known,

24     of the information offered in support of the claim and the legal basis for

25     the claim."].)"

26     First, with the exception that trial counsel failed to investigate, all of the

27  allegations of malfeasants by his attorney and the trial court are clearly contained in the

28  record.  In other words, the record speaks for itself and therefore the appellate court

84

1  does not have to go outside of the record to determine the merits of the Petitioner's
2  claims.  Consequently, these are matters which were, or which could have been raised
3  on appeal.  The Petitioner has not provided any grounds for this court to find an
4  exception to the rule established in *In re Reno*, Ibid., requiring such claims to be raised
5  by the Petitioner in the appellate court on appeal and not by way of habeas relief.
6      Second, notwithstanding any alleged errors by trial counsel, the Petitioner has
7  not provided any facts which show that, but for those errors, the outcome of the trial
8  would have been different, or that the Petitioner is factually innocent.
9      Third, two years has expired since the Petitioner's conviction and sentencing.
10 All of the errors alleged in the Petition have been known by the Petitioner since that
11 time.  He has not stated or explained any reason which caused him a delay in bringing
12 to the attention of the court the defects in his trial that he now alleges.
13     Equally important is that the Petitioner filed a petition for writ of habeas corpus
14 on January 21, 2011, alleging that the trial court abused its discretion in not allowing
15 the Petitioner to be released on bond pending his appeal.  That petition was denied on
16 February 10, 2011.  As the State Supreme Court stated in *In re Reno*, Id. at pp. 501-502:
17     "We addressed the *Horowitz* rule more recently in *In re Clark, supra*, 5
18     Cal.4th at page 768, 21 Cal.Rptr.2d 509, 855 P.2d 729, explaining that we have
19     "refused to consider newly presented grounds for relief which were known to
20     the petitioner at the time of a prior collateral attack on the judgment. [Citations.]
21     The rule was stated clearly in *In re Connor, supra*, 16 Cal.2d 701, 705, 108 P.2d
22     10: 'In this state a defendant is not permitted to try out his contentions piecemeal
23     by successive proceedings attacking the validity of the judgment against him.'"
24
25     As indicated above, the Petitioner was aware of all grounds for which he seeks
26 relief at or before his sentencing which occurred on December 15, 2010.  He has given
27 no justifiable reason, or any reason at all, as to why the grounds raised in the Petition
28 were not previously raised in a prior petition.

1    Notwithstanding the technical basis to deny the Petition, it also fails on the
2  merits.
3    The Petitioner has provided no evidence that he is not a drug dealer or that he
4  was not in fact selling drugs which caused bad checks to be given to him in
5  consideration of a sale. Regardless, it is obvious that his attorney was aware of such
6  facts and developed a particular defense strategy in light of the poor facts with which he
7  was faced. Consequently, in anticipating bad facts to be brought up at trial he wanted to
8  find sympathetic and unbiased jurors. It also appears that this was the strategy at one
9  point in time, prior to voir dire, and discussed with the Petitioner who then acquiesced.
10    In regard to calling an investigating police officer, the Petitioner's attorney
11  explained on the record his strategy for the trial court. In hindsight, it may not have
12  been the best strategy, however, counsel was aware of all the facts that he would face at
13  trial and this court cannot now say that it constituted such an oversight that the
14  fundamental fairness required for a jury trail was compromised. This can also be said
15  of the Petitioner's allegation that his attorney did not investigate what other potential
16  witnesses could say or that the attorney did not submit proper jury instructions.
17    Finally, the trial court did not error in denying a continuance on the Petitioner's
18  motion to remove a strike offense for sentencing purposes. The motion had been made
19  by the Petitioner, which allowed him to state his position on the merits. The court was
20  fully aware of the law as it related to the Petitioner, and it is this court's opinion that
21  based on the trial court's statements, the court's ruling would not have been different
22  had the Petitioner been given an opportunity to file a reply. Regardless, if error
23  occurred it was harmless.
24    Based on the above, the Petitioner has not stated a prima facie claim for relief.
25
26  Dated:  January 3, 2013
27
28                                STEPHEN B. SEFTON
                                  Commissioner

w:\courtops\slink\sefton\pricehc.doc

86                                      128

CERTIFICATE OF MAILING

STATE OF CALIFORNIA       )
                              ) ss     F442939 (HC-2)
COUNTY OF SAN LUIS OBISPO   )

    I, SUSAN MATHERLY, Court Executive Officer, and Clerk of the Superior Court of the State California in and for the County of San Luis Obispo, do hereby certify: I am not a party to the action:

    That on January 14, 2013, copies of the attached ORDER, by depositing them, enclosed in sealed envelopes with the postage thereon fully prepaid, in the United States Post Office at San Luis Obispo, California, addressed as follows:

Edmond Price, #2804829
Clark County Detention Center
330 S. Casino Center Blvd
Las Vegas, CA 89101

and that the persons on whom said service was made (reside) (have their office) at a place where there is delivery service by mail, and that there is a regular communication by mail between the place of mailing and the place so addressed.

       DATED:  January 14, 2013

                           SUSAN MATHERLY,
                           Court Executive Officer,
                           and Clerk of the Superior Court of
                           the State of California in and for
                           the County of San Luis Obispo.

                           By _A.Solis_
                           A.Solis
                           Deputy Clerk

129

87

Exhibit "C"

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION: 6

DATE: August 19, 2013

Edmond Paul Price
Booking #: ID#2804829
Clark County Detention Center
330 S. Casino Center Blvd.
Las Vegas, NV 89101

In re EDMOND PAUL PRICE on Habeas Corpus.

B249370
San Luis Obispo County No. F442939


THE COURT:

The petition for writ of habeas corpus, filed on June 14, 2013, is DENIED.


cc:   File

99

Exhibit "D"

13

S214949

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re EDMOND PAUL PRICE on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

FEB 1 1 2014

Frank A. McGuire Clerk

Deputy

CANTIL-SAKAUYE

*Chief Justice*

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that on the __day of August, 2014, I caused the Petition for Writ of Habeas Corpus by a Person in State Custody to be served as follows:

[X]   by placing a true and correct copy of the same to be deposited for mailing in the U.S. Mail at Las Vegas, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid; and/or

[ ]   pursuant to EDCR 7.26, by sending it via facsimile; and/or

[ ]   by hand delivery via runner

[ ]   via electronic service

to the attorneys listed below:

Clerk of the U.S. District Court for the Central District of California U.S. Courthouse
ATTN: Intake/Docket Section
312 N. Spring St.
Los Angeles, CA 90012

Amy Miller, Warden
Centinela State Prison
2302 Brown Rd.
West Imperial, CA 92274

Tobi Claus



U.S. POSTAGE
PAID
LAS VEGAS, NV
89101
AUG 07 14
AMOUNT
$5.70
0002429 1-10
90012
1024

Clerk of the U.S. District Court
for the Central District of California U.S. Courthouse
ATTN: Intake/Docket Section
312 N. Spring St.
Los Angeles, CA 90012

RECEIVED
CLERK, U.S. DISTRICT COURT
AUG 11 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

St, Suite D221
Henderson, NV 89074

USPS TRACKING #
9114 9011 5981 8469 0163 08

Label 400 Jan. 2013
7690-16-000-7948