UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDMOND PAUL PRICE, | ) | NO. CV 14-6307-JAK (AGR) |
| Petitioner, | ) | |
| v. | ) | |
| AMY MILLER, Warden, | ) | ORDER TO SHOW CAUSE |
| Respondent. | ) | |

On August 12, 2014, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before ***September 15, 2014***, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.

## PROCEDURAL BACKGROUND

On October 22, 2010, a San Luis Obispo County jury convicted Petitioner of seven counts of check forgery or counterfeiting. The jury also found true that Petitioner had committed felonies while on bail. Petitioner admitted one strike and three prior prison terms. (Petition at 2); see People v. Price, 2012 WL 1571513, *1 (Cal. App. Ct. 2012). Petitioner was sentenced to 10 years, 4 months in prison. (Petition at 2.)

On May 7, 2012, the California Court of Appeal affirmed the judgment with modifications as to restitution, fees, and conduct credits. (Petition at 2-3); Price, 2012 WL 1571513 at *1. On June 18, 2012, the California Supreme Court denied review. (Petition at 3.)

On December 31, 2012, Petitioner filed a habeas petition in the Superior Court, which was denied on January 3, 2013. (Id. at 3-4.) On June 14, 2013, Petitioner filed a habeas petition in the Court of Appeal, which was denied on August 19, 2013. (Id. at 4); see Appellate Courts Case Information online docket in Case No. B249370. On November 25, 2013, Petitioner filed a habeas petition in the California Supreme Court, which was denied on February 11, 2014. (Petition at 4); see Appellate Courts Case Information online docket in Case No. S214949.

On August 12, 2014, Petitioner filed the instant petition in this court in which he listed five grounds. (Id. at 5-6.)

# II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final – § 2244(d)(1)(A)

The California Supreme Court denied the petition for review on June 18, 2012. (Petition at 3.) Petitioner's conviction became final 90 days later on September 17, 2012. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations expired one year later on September 17, 2013. Absent tolling, the petition is time-barred.

#### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner filed his first habeas petition (in the Superior Court) on December 31, 2012, 105 days after his conviction became final. He therefore had 260 days remaining in the limitations period.

After his first habeas petition was denied on January 3, 2013, Petitioner did not file his next habeas petition (in the Court of Appeal) until June 14, 2013, 162 days later. "As long as [a] prisoner file[s] a petition for appellate review within a 'reasonable time,' he [may] count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Evans v. Chavis*, 546 U.S. 189, 193, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006). A six-month delay is not reasonable. *Id.* at 201.

The 162-day gap is unreasonable. In *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam), the Ninth Circuit held that because the

petitioner's unexplained delays of 101 and 115 days "were substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions . . ., we fail to see how '*unexplained*' delay[s] of this magnitude could fall within the scope of the federal statutory word 'pending.'" *Id.* at 1048 (quoting *Evans,* 546 U.S. at 201, emphasis added by *Chaffer*)).

In *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011), the Ninth Circuit found inadequately explained gaps of 81 days and 91 days to be unreasonable.

Accordingly, Petitioner is not entitled to statutory tolling for the 162-day gap. After denial of the habeas petition by the Court of Appeal on August 19, 2013, Petitioner had 98 days remaining in the limitations period (260 - 162).

Petitioner's last habeas petition (in the California Supreme Court) was filed on November 25, 2013, 98 days after the denial by the Court of Appeal on August 19, 2013. For the same reason as stated above, Petitioner is not entitled to statutory tolling for the 98-day gap. Thus, at the point the California Supreme Court denied his habeas petition on February 11, 2014, Petitioner had no time left in the limitations period.

His petition here was therefore a little over six months late.

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of

an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

The petition does not indicate any basis for equitable tolling.

### B.   Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

In the context of an ineffective assistance claim, the statute of limitations may start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *Hasan*, 254 F.3d at 1154 n.3.

All five of the grounds in the petition allege ineffective assistance of trial counsel. Petitioner argues that his counsel was ineffective for the following reasons:

(1) counsel's opening statement did not match what he did at trial;

(2) counsel's failure to investigate caused him to call an "inflammatory witness";

(3) counsel failed to call Petitioner as a witness on his own behalf as Petitioner had instructed him to do;

(4) counsel failed to investigate a particular witness even though Petitioner had told counsel prior to trial that the witness had exculpatory testimony; and

5

(5) counsel failed to persuade the trial court to give a jury instruction. (Petitioner at 5-6.)

Petitioner was aware of the factual predicates of his claims of ineffective assistance at the latest by the time the case went to the jury. Therefore, the date of discovery does not assist Petitioner.

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before *September 15, 2014*, Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

**If Petitioner fails to respond to the order to show cause by the above deadline, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: August 15, 2014

ALICIA G. ROSENBERG
United States Magistrate Judge

6