1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDMOND PAUL PRICE,

     Petitioner,

     v.

AMY MILLER, Warden,

     Respondent.

NO. CV 14-6307-AGR

OPINION AND ORDER

**I.**

**SUMMARY OF PROCEEDINGS**

On October 22, 2010, a San Luis Obispo County jury convicted Petitioner of seven counts of check forgery or counterfeiting. The jury also found true that Petitioner had committed felonies while on bail. Petitioner admitted one strike and three prior prison terms. (Petition at 2; Lodged Document ("LD") 1 at 158-61, 164-67); *see People v. Price*, 2012 WL 1571513, *1 (Cal. App. Ct. 2012). Petitioner was sentenced to 10 years, 4 months in prison. (LD 1 at 284.)

1       On May 7, 2012, the California Court of Appeal affirmed the judgment with

2   modifications as to restitution, fees, and conduct credits.  (LD 3.)  On July 18,

3   2012, the California Supreme Court denied review.  (LD 5.)

4       On December 26, 2012, Petitioner constructively filed a habeas petition in

5   the Superior Court, which was denied on January 3, 2013.  (LD 6-7.)  On June

6   11, 2013, Petitioner constructively filed a habeas petition in the Court of Appeal,

7   which was denied on August 19, 2013.  (LD 8-9.)  On November 25, 2013,

8   Petitioner filed a habeas petition in the California Supreme Court, which was

9   denied on February 11, 2014.  (LD 10-11.)

10      On August 12, 2014, Petitioner filed the instant petition in this court in

11  which he listed five grounds.  The parties consented to proceed before the

12  magistrate judge.  (Dkt. Nos. 2, 13.)  On February 20, 2015, Respondent filed a

13  motion to dismiss the petition as barred by the statute of limitations.  Petitioner

14  filed an opposition ("Opp.") and Respondent filed a reply.

15  **II.**

16  **STATUTE OF LIMITATIONS**

17      The petition was filed after enactment of the Antiterrorism and Effective

18  Death Penalty Act of 1996 ("AEDPA").  Therefore, the court applies the AEDPA in

19  reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138

20  L. Ed. 2d 481 (1997).

21      The AEDPA has a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).

22  The one-year limitations period starts running on the latest of either the date

23  when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or a date set in

24  § 2244(d)(1)(B)-(D).

25          **A.**    **Section 2244(d)(1)(A) - The Date on Which Conviction**

26              **Became Final**

27      The California Supreme Court denied the petition for review on July 18,

28  2012.  (Petition at 3.)  Petitioner's conviction became final 90 days later on

2

1  October 16, 2012.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The

2  statute of limitations expired one year later on October 16, 2013.  Absent tolling,

3  the petition is time-barred.

### 1.    Statutory Tolling

5  The statute of limitations is tolled during the time "a properly filed

6  application for State post-conviction or other collateral review with respect to the

7  pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

8  Petitioner constructively filed his first habeas petition in the Superior Court

9  on December 26, 2012, 71 days after his conviction became final.  (LD 6.)  It was

10  denied on January 3, 2013.  The Superior Court's decision indicated that

11  Petitioner "has not stated or explained any reason which caused him a delay in

12  bringing to the attention of the court the defects in his trial that he now alleges."

13  (LD 7 at 6-7.)  Nevertheless, assuming without deciding that Petitioner is entitled

14  to statutory tolling during the period December 26, 2012 through January 3, 2013,

15  he had 294 days remaining in the limitations period.

16  After the Superior Court's denial on January 3, 2013, Petitioner did not

17  constructively file his next habeas petition in the Court of Appeal until June 11,

18  2013, 159 days later.  (LD 8.)  "As long as [a] prisoner file[s] a petition for

19  appellate review within a 'reasonable time,' he [may] count as 'pending' (and add

20  to the 1-year time limit) the days between (1) the time the lower state court

21  reached an adverse decision, and (2) the day he filed a petition in the higher state

22  court."  *Evans v. Chavis*, 546 U.S. 189, 193, 126 S. Ct. 846, 163 L. Ed. 2d 684

23  (2006).  A six-month delay is not reasonable.  *Id.* at 201.

24  The 159-day gap between January 3 and June 11, 2013 is unreasonable.

25  In *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam), the Ninth

26  Circuit held that because the petitioner's unexplained delays of 101 and 115 days

27  "were substantially longer than the '30 to 60 days' that 'most States' allow for

28  filing petitions . . ., we fail to see how '*unexplained*' delay[s] of this magnitude

3

1  could fall within the scope of the federal statutory word 'pending.'" *Id.* at 1048

2  (quoting *Evans*, 546 U.S. at 201, emphasis added by *Chaffer*)).  In *Velasquez v.*

3  *Kirkland*, 639 F.3d 964 (9th Cir. 2011), the Ninth Circuit found inadequately

4  explained gaps of 81 days and 91 days to be unreasonable.  *Id.* at 968.

5       Accordingly, Petitioner is not entitled to statutory tolling for the 159-day

6  gap.  After denial of the habeas petition by the Court of Appeal on August 19,

7  2013, Petitioner had 135 days remaining in the limitations period (294 - 159).

8       Petitioner constructively filed his last habeas petition in the California

9  Supreme Court on November 19, 2013,[1] 92 days after the denial by the Court of

10  Appeal on August 19, 2013.  For the same reason as stated above, Petitioner is

11  not entitled to statutory tolling for the 92-day gap.  Thus, at the point the California

12  Supreme Court denied his habeas petition on February 11, 2014, Petitioner had

13  43 days left in the limitations period.  The statute of limitations expired on March

14  26, 2014.

15       The proof of service indicates the federal petition here was served in

16  August 2014. Although the proof of service does not specify a day, the petition is

17  just under five months late (128 days) even assuming it was constructively filed

18  on August 1, 2014.

19                 **2.**     **Equitable Tolling**

20       "[T]he timeliness provision in the federal habeas corpus statute is subject to

21  equitable tolling." *Holland v. Florida,* 560 U.S. 631, 634, 130 S. Ct. 2549, 2554,

22  177 L. Ed. 2d 130 (2010).  "[A] 'petitioner' is 'entitled equitable tolling' only if he

23

24       [1] In a letter dated November 14, 2013, the California Supreme Court

25  informed Petitioner that he had to provide an original signature on his petition in order for it to be filed.  (LD 10 at 34.)  Petitioner submitted his original signature

26  on November 19, 2013.  (*Id.* at 17.)  Because statutory tolling applies during the time "a properly filed application for State post-conviction or other collateral

27  review . . . is pending," 28 U.S.C. § 2244(d)(2), the court uses November 19, 2013 as the constructive filing date.  The court notes, however, that the outcome

28  would be the same if any of the earlier dates on the petition (November 4, 6 and 7) were used.

1   shows '(1) that he has been pursuing his rights diligently, and (2) that some

2   extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at

3   649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed.

4   2d 669 (2005)).  "The diligence required for equitable tolling purposes is

5   'reasonable  diligence,' not 'maximum feasible diligence.'"  *Id.* at 653 (citations

6   and quotation marks omitted).  The extraordinary circumstances must have been

7   the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is

8   available for this reason only when '"extraordinary circumstances beyond a

9   prisoner's control make it *impossible* to file a petition on time"' and '"the

10  extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'"

11  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in

12  original).  Extraordinary circumstances cannot toll a statute of limitations that has

13  already run.  *Rudin v. Myles*, 781 F.3d 1043, 1056 n.16 (9th Cir. 2015).

14      Petitioner has the burden of showing that the statute of limitations was

15  tolled.  *Banjo v. Ayres*, 614 F.3d 964, 967 (9th Cir. 2010).

16      As discussed above, Petitioner's conviction became final on October 16,

17  2012.  By that time, Petitioner had received the record on appeal from his

18  counsel.  (Price Decl. ¶¶ 7-9.)  Petitioner was then incarcerated at Clark County

19  Detention Center ("CCDC") in Nevada.  (*Id.* ¶ 1.)

20      Petitioner argues that he is entitled to equitable tolling for the 71-day period

21  from October 16, 2012 through the constructive filing date of his first state habeas

22  petition on December 26, 2012.  Petitioner states he prepared the petition and, on

23  November 12, 2012, submitted it to the law library at CCDC for copying but "all

24  the pages were lost."[2]  (*Id.* ¶ 11.)  Petitioner drafted a second petition, had it

25  copied, and constructively filed it on December 26, 2012.  (*Id.* ¶ 12; LD 6.)  At

26  _____

27      [2]  Ground Four of the petition before the Superior Court contains a
    declaration from Petitioner dated October 26, 2012.  (LD 6 at 12-14.)  Thus, all
28  pages may not have been lost.

1  best, Petitioner could claim equitable tolling for the days from November 12 to

2  December 26, 2012 (44 days).

3       Petitioner does not adequately explain the 159-day delay between the

4  Superior Court's denial on January 3 and the constructive filing date of his

5  habeas petition before the California Court of Appeal on June 11, 2013.  As

6  Petitioner acknowledges, the habeas petition before the California Court of

7  Appeal was largely a copy of the Superior Court petition except for the conclusion

8  and section regarding Petitioner's reason for delay.  (*Id.* ¶ 18; *compare* LD 6 with

9  LD 8.)  Petitioner states his legal materials were moved from his cell to the

10  property room in January 2013, and he requested access to those materials in

11  February and March 2013.  (*Id.* ¶¶ 13-17.)  Petitioner provides no evidence that

12  he had no access to any materials either through the prison or Tobi Caperon, the

13  person to whom Petitioner sent petition(s) for copying and/or mailing.  (*Id.* ¶ 10;

14  LD 8 at 25.)

15       Petitioner argues that he is entitled to equitable tolling for the 57-day period

16  from August 19, 2013, the date of the California Court of Appeal's denial, until he

17  returned to Ironwood state prison in California on October 15, 2013.  (*Id.* ¶ 4.)

18  Although not included in his declaration, Petitioner argues that, while he was

19  incarcerated in CCDC, he did not have another California MC-275 habeas form to

20  send to the California Supreme Court.  (Opp. at 1-2.)  He had asked the CCDC to

21  make a copy of a blank form, but it refused to do so.  (*Id.*)  Petitioner is not

22  entitled to equitable tolling for this period because nothing prevented him from

23  changing the court on the form he used in the California Court of Appeal or using

24  that template to prepare a petition for the California Supreme Court.  The court

25  notes that the outcome would not change even if equitable tolling is given for this

26  period.

27

28

6

1    Even assuming Petitioner would be entitled to equitable tolling for the 44-

2 day period between November 12 and December 26, 2012, the petition would

3 remain time-barred.

4    Finally, Petitioner argues he is entitled to equitable tolling from October 16,

5 2012 until he returned to California on October 15, 2013, because he had no

6 access to California court rules or legal authority.  (Opp. at 2.)  CCDC uses a slip

7 delivery system under which an inmate requests legal material and the prison

8 provides 20 pages of material at a time.  (Price Decl. ¶ 6.)  Petitioner attaches a

9 Nevada court order that required CCDC to provide Petitioner double the normal

10 allowance for library access while incarcerated pending trial in the Nevada

11 matter.  (Opp. at 18.)  Petitioner also contends he did not have access to "the

12 record or other material from the case."  (Opp. at 3.)

13    Petitioner has not shown that these circumstances made it impossible to

14 file a petition on time and were the cause of his untimeliness.  *Bills*, 628 F.3d at

15 1097.  During that time, Petitioner filed two extensive state habeas petitions in the

16 Superior Court and California Court of Appeal with case citations, record citations

17 and exhibits.  (LD 6, 8.)  Moreover, when Petitioner returned to California on

18 October 15, 2013, he had over five months before the statute of limitations

19 expired on March 26, 2014.  Petitioner argues that he was transferred to another

20 prison on February 12, 2014 and did not receive his property until late April 2014.

21 (Price Decl. ¶¶ 31-33.)  Petitioner then inexplicably waited three months before

22 constructively filing here on August 1, 2014 (92 days from May 1, 2014).  This

23 argument is insufficient.  *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014

24 (9th Cir. 2009) (petitioner could at least have filed petition earlier assuming some

25 lateness could have been excused).

26    **3.    State Impediment**

27    In addition to equitable tolling, Petitioner claims that he is entitled to tolling

28 based on the state-created impediment when he was incarcerated in Nevada.

7

Under 28 U.S.C. § 2244(d)(1)(B), the statute of limitations starts to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

Petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007). In *Bryant*, "lack of access to case law during the relevant time period was not an impediment for purposes of statutory tolling because it did not prevent [petitioner] from filing his petition." *Id.*

Petitioner has not identified an impediment that prevented him from filing a petition. Petitioner argues that he did not have access to California legal authorities or his record. However, as noted above, Petitioner filed two extensive state habeas petitions in the Superior Court and California Court of Appeal with record citations and exhibits while incarcerated in Nevada. (LD 6, 8.) Although Petitioner cites another case he filed in this court, *Price v. Cameron*, CV 11-2326 JAK (AGRx), the docket indicates that Petitioner filed several documents while incarcerated in Nevada. (*See, e.g.,* Dkt. Nos. 34 (opposition to motion to dismiss complaint), 54 (third amended complaint), 57 (document requests), 69 (motion to extend discovery cut-off date), 80 (request for inspection of documents), 92-93 (motion to compel discovery and extend discovery cut-off date).)

Because Petitioner has not established a causal connection between the unavailability of California legal authorities or his record, and the untimeliness of his federal petition, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B). *See Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (ability to file state habeas petitions indicated administrative segregation did not constitute impediment to filing); *Bryant*, 499 F.3d at 1060.

8

**III.**

**ORDER**

For the reasons discussed above, it is ORDERED that judgment be entered granting Respondent's motion to dismiss the petition as barred by the statute of limitations and denying the petition with prejudice.

DATED: July 30, 2015

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

9